IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-30040 |
| | ) | |
| TYRONE L. MAXWELL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant Tyrone L. Maxwell's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)("Motion). See d/e 30. Because Defendant's Guideline range was not lowered, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motion (d/e 30) is DISMISSED for lack of subject-matter jurisdiction.

I. BACKGROUND

On October 10, 2008, Defendant Maxwell pleaded guilty to the charge of Possession with Intent to Distribute Cocaine Base ("crack"), in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), as alleged in Count 1 of the Indictment (d/e 5).  See Minute Entry of February 10, 2008. Maxwell was held accountable for 28.457 grams of crack, which gave him a base offense level of 26.  See U.S.S.G. § 2D1.1 (c)(7) (2008). Maxwell's total offense level of 25 after adjustments and criminal history category of III resulted in a Guideline range of 70 to 87 months.  See d/e 26.  The Court departed downward from the Guideline range and sentenced him to 60 months' imprisonment, the mandatory minimum.

On October 26, 2011, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 30).  Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 2, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant.  See d/e 31.   Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because

Defendant was sentenced to the statutory minimum sentence of 60 months' imprisonment. On November 2, 2011, this Court granted Hawley leave to withdraw and gave Defendant until December 7, 2011 to supplement his Motion or file a new motion for a reduced sentence. See Minute Entry of November 2, 2011. Defendant did not file a renewed motion for reduced sentence or any subsequent supplements to his Motion.

## II.  ANALYSIS

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter

jurisdiction to consider the reduction request.  United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In 2010, Congress passed the Fair Sentencing Act of 2010 ("Act"), which amended 21 U.S.C. § 841 (b)(1) by, among other things, raising the amounts of crack mandating minimum prison sentences.  See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841 (b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011).  As is relevant to Defendant, the Act raised the amount of crack that triggers the mandatory 60 months minimum from 5 grams to 28 grams.  See 21 U.S.C. § 841 (b)(1)(B) (providing "a term of imprisonment which may not be less than 5 years").

The Act directed the United States Sentencing Commission to amend the Federal Sentencing Guidelines "to achieve consistency with other guideline provisions and applicable law." United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-22- at § 8, 124 Stat. at 2374.  The Sentencing Commission amended the sentencing guidelines by reducing the base offense levels for specific

quantities of crack cocaine.  See Amendment 750.  For example, according to the Guidelines under which Defendant was sentenced, Defendant's base offense level for the 28.457 grams of crack he was held accountable for was 26.  See U.S.S.G. § 2D1.1 (c)(7) (2008) (drug quantity table-more than 20 grams but less than 35 grams of crack results in a base offense level of 26).  Under the amended Guidelines, Defendant's offense level for the 28.457 grams of crack he was held accountable for would remain 26.  See U.S.S.G. § 2D1.1(c)(7) (2011) (drug quantity table-at least 28 grams but less than 112 grams of crack results in a base offense level of 26); see also DePierre v. United States, 131 S. Ct. 2225, 2229 (2011) (noting that under the Guidelines, "the offense levels for drug crimes are tied to the drug type and quantity involved").

    Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a reduction under § 3582 (c)(2).  18 U.S.C. § 3582(c)(2); Forman, 553 F.3d at 588 (a court lacks

subject matter jurisdiction to consider a request for a sentence reduction under § 3582(c)(2) if the defendant cannot show that his sentencing range was subsequently lowered by the Sentencing Commission).

III. CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 30) is DISMISSED for lack of subject-matter jurisdiction.

ENTER: January 10, 2012

FOR THE COURT:

                                        s/ Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE